UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:19-CV-247-HRW
(Related Civil Action No. 6:20-CV-04-HRW)

OSCAR HENSON, JR.,                                                                               PETITIONER,

V.                          **RECOMMENDED DISPOSITION**

DeEDRA HART, WARDEN,                                                                       RESPONDENT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Oscar Henson is an inmate at the Lee Adjustment Center in Beattyville, Kentucky. This matter is before the Court on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1]. This matter was initially filed in the Western District of Kentucky on August 12, 2019. *See* Case No. 6:20-CV-04. Henson then filed a second petition for writ of habeas corpus on September 30, 2019, asserting the same claims from his first petition. *See* Cas. No. 6:19-CV-247. On January 8, 2020, the Western District of Kentucky referred this matter to the Eastern District of Kentucky. [R. 11 (Case No. 6:20-CV-04)]. After this matter was referred to the undersigned, it was determined that the claims were the same in both cases and that Case No. 6:19-CV-247 would be considered the lead case for Henson's petition. [R. 17 (Case No. 6:20-CV-04)]. In the lead case, Henson also filed a motion for out of state time, asserting the same arguments he sets forth in his petitions for writ of habeas corpus. [R. 8]. For the reasons set forth below, the undersigned recommends that Henson's petitions [R. 1 (Case No. 6:20-CV-04 and Case No. 6:19-CV-247)] and motion for out of state time [R. 8] be DENIED.

In his petition, Henson does not challenge his convictions for Burglary or Robbery. Nor does he challenge his concurrent sentences of incarceration for 15 years as imposed. Rather, he

seeks to challenge the fact that he is currently incarcerated, arguing that he has completed his sentence and should be released. [R. 1]. In short, he challenges the calculation of his sentence. Henson's argument is based on a form entitled "Institutional Offender Information Services Response", leading him to believe that the combination of his days of incarceration added to the days credited toward his sentence show that he has completed his sentence. Though certainly not the model of clarity, Henson acknowledges that the form contains a miscalculation. [R. 1-1]. In addition, the Warden, in her response states "[a]s an initial matter, Warden Hart must concede that the response Henson received from KSP's Offender Information office in regard to his sentence calculation question was inaccurate in regard to the amount of time he had served and the amount of time he had remaining to serve." [R. 14, p. 3]. However, the Warden continues, "[w]hile the response was incorrect and inaccurately presented, the fact is that Henson has not completed his 15-year sentence." [*Id.*]

The Court is precluded from reviewing this petition on the merits for two reasons. First, Henson failed to properly exhaust his state-court remedies. *See* 28 U.S.C. § 2254(b)(1) (A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."). *Collins v. Million,* 121 F. App'x 628, 630 (6th Cir.2005) (unpublished table decision) (holding that state court remedies must first be exhausted under either § 2254 or § 2241); *Seaton v. Kentucky,* 92 F. A'ppx 174 (6th Cir.2004) (unpublished table decision) (upholding dismissal for failure to exhaust state court remedies.); *Graham v. Snyder,* 68 F. App'x 589 (6th Cir.2003), (unpublished table decision) ("A federal prisoner must exhaust all available administrative remedies before filing a § 2241 suit."); *Skinner v. Wiley,* 355 F.3d 1293 (11th Cir.2004) ("We agree with the reasoning of our sister circuits and hold that

prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."). The purpose of exhaustion is to give the state an initial opportunity to pass upon and correct any alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel,* 526 U.S. 838,845(1999).

Henson has not shown either that there is an absence of a state-court remedy, or that other circumstances "render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(i) and (ii). In this case, Henson presents an exhibit which forms the basis of his claim wherein he sought review of his sentence calculation pursuant to the Kentucky Department of Corrections Policies and Procedures ("CPP") 17.4. [R. 1-1]. The document states that staff member Lori Yates determined that Henson has only served 4,699 days of his 5,475 days sentence. [*Id.*] Below this determination is a section that directs an inmate to indicate if he or she is satisfied or not about the determination, and if so, he or she may appeal the response. [*Id.*] Henson neither indicated whether he was satisfied with this finding, nor if he wished to appeal. [*Id.*] Although he asserts, "I did file an appeal to Frankfort Ky on this matter and they failed to give it due consideration and advised that I file something in court", [R. 1-1, p. 5], the Warden contends that he has not exhausted his available remedies with the department of corrections by filing a petition in state court for a declaration of his rights pursuant to KRS § 418.040. [R. 14, p. 2].

CPP 17.4(D) provides the procedure for the administrative remedy for inquiries into jail time credit. CPP 17.4(D)(1) provides for how an inmate may request a review of his calculations while CPP 17.4(D)(2) provides for the method by which the designee should respond to such inquiry. CPP 17.4(D)(3) provides that an inmate may appeal (and consequently exhaust) the designee's determination to the Offender Information Services Branch in Frankfort, Kentucky.

The petitioner bears the burden of proving that he has exhausted those remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Here, he fails to sustain this burden.

Second, Henson has not stated any claim cognizable under section 2254. Title 28 United States Code section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Henson does not present a cognizable claim in this action because his claim is solely that his sentence was calculated in violation of state law. *See Howard v. White* ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) ("[T]he interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction."); 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

Therefore, as Henson has failed to exhaust his state remedies and does not present a cognizable claim under section 2254,

IT IS RECOMMENDED that:

1. Henson's petitions [R.1 (Case No. 6:19-CV-247 and Case No. 6:20-CV-04)] be DENIED; and

2. Henson's motion for out of state time [R. 8] be DENIED.

*****

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is

waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed June 12, 2020.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge